IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03512-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

KRISTA RADFORD,

    Plaintiff,

v.

FRONTIER AIRLINES,

    Defendant.

---

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915
AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Krista Radford, who resides in Aurora, Colorado, has filed *pro se* a Complaint (ECF No.1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  Plaintiff will be granted leave to proceed pursuant to 28 U.S.C. § 1915 solely on the basis of inability to prepay fees or give security therefor.

The court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Radford will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

Ms. Radford makes a single conclusory assertion in the Complaint that Frontier Airlines discriminated against her in violation of the Family Medical Leave Act (FMLA),

at 29 U.S.C. §§ 2615(a).  However, she does not provide any factual allegations to support a claim for relief.  As such, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Radford's assertion that Frontier Airlines discriminated against her in violation of the FMLA is vague. In order to state a claim in federal court, Plaintiff "must explain what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

2

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is GRANTED.  It is

FURTHER ORDERED that Ms. Radford file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Radford shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Radford fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge