Your honor I ask of the Court to please give me a extention there are other documents, that I am trying to retrive and I also seeked out legal counsel because I do not know the law my appt. will be on the 17th March 2014. And I will have all other documentation to submitt. I thank you in advance.

Sincerely, Krista Radford

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2014

JEFFREY P. COLWELL
CLERK

730-434-5551

address
3601 S. Kirk St.
Aurora, Colorado 80013

mailing address unit 202
1801 S. Dunkirk st.
Aurora, Colorado 80017

CM/ECF - U.S. District Court:cod                                                    Page 1 of 1

## Orders on Motions

<u>1:13-cv-03512-BNB Radford v.</u>
<u>Frontier Airlines</u>

PS5

FILED<br>U.S. DISTRICT COURT

### U.S. District Court

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/10/2014 at 1:30 PM MST and filed on 2/10/2014
**Case Name:**        Radford v. Frontier Airlines
**Case Number:**      <u>1:13-cv-03512-BNB</u>
**Filer:**
**Document Number:** <u>6</u>

**Docket Text:**
**ORDER granting [3] Motion for Leave to Proceed in Forma Pauperis and Directing
Plaintiff to File Amended Complaint, by Magistrate Judge Boyd N. Boland on 2/10/2014.
(slibi, )**

**1:13-cv-03512-BNB Notice has been electronically mailed to:**

Brian Michael Mumaugh   bmumaugh@hollandhart.com, cmmiccio@hollandhart.com,
intaketeam@hollandhart.com, kabrowning@hollandhart.com

Bradford J. Williams    bjwilliams@hollandhart.com, smpatafio@hollandhart.com

**1:13-cv-03512-BNB Notice has been mailed by the filer to:**

Krista Radford
3601 South Kirk Street
Aurora, CO 80013

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=2/10/2014] [FileNumber=4378906-0
] [0b0e2a2cf554c1cb38c6fe78330883e6341edb66c7b1c79b72f07f44ce80b4f8462
98875a2b67df139dae509de3232c2b2d74b9a9505d361d3b957c121eb2d59]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03512-BNB
**(The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)**

KRISTA RADFORD,

      Plaintiff,

v.

FRONTIER AIRLINES,

      Defendant.

---

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915
AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Krista Radford, who resides in Aurora, Colorado, has filed *pro se* a

Complaint (ECF No.1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 (ECF No. 3). Plaintiff will be granted leave to proceed pursuant to 28

U.S.C. § 1915 solely on the basis of inability to prepay fees or give security therefor.

The court must construe the Complaint liberally because Plaintiff is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Ms. Radford will be ordered to file an amended complaint if she wishes to pursue

her claims in this action.

Ms. Radford makes a single conclusory assertion in the Complaint that Frontier

Airlines discriminated against her in violation of the Family Medical Leave Act (FMLA),

at 29 U.S.C. §§ 2615(a).  However, she does not provide any factual allegations to support a claim for relief.  As such, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Radford's assertion that Frontier Airlines discriminated against her in violation of the FMLA is vague. In order to state a claim in federal court, Plaintiff "must explain what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

2

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is GRANTED.  It is

FURTHER ORDERED that Ms. Radford file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Radford shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Radford fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-3512-BNB

KRISTA RADFORD,

      Plaintiff,

vs.

FRONTIER AIRLINES, INC,

      Defendant.

## ENTRY OF APPEARANCE

     Brian M. Mumaugh of HOLLAND & HART, LLP, hereby enters his appearance as counsel on behalf of Defendant Frontier Airlines, Inc., in the above-reference matter.

Dated February 7, 2014

                Respectfully submitted,

                s/Brian M. Mumaugh
                HOLLAND & HART LLP
                6380 S. Fiddlers Green Circle
                Suite 500
                Greenwood Village, CO 80111
                Phone: (303) 290-1067
                Fax: (303) 290-1606
                BMumaugh@hollandhart.com

                ATTORNEYS FOR DEFENDANT FRONTIER
                AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on 2/7/14, I have mailed the foregoing to the following addresses:

Krista Radford
3601 S. Kirk St.
Aurora, CO 80013

*s/ Christine Miccio*

6664318_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-3512-BNB

KRISTA RADFORD,

      Plaintiff,

vs.

FRONTIER AIRLINES, INC,

      Defendant.

## ENTRY OF APPEARANCE

Bradford J. Williams of HOLLAND & HART, LLP, hereby enters his appearance as counsel

on behalf of Defendant Frontier Airlines, Inc., in the above-reference matter.

Dated February 7, 2014.

                      Respectfully submitted,

                      *s/ Bradford J. Williams*
                      Bradford J. Williams
                      HOLLAND & HART LLP
                      555 17th Street, Suite 3200
                      Denver, Colorado 80202
                      Phone: 303-295-8121
                      Fax: 303-223-3271
                      bjwilliams@hollandhart.com

                      ATTORNEYS FOR DEFENDANT FRONTIER
                      AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on 2/7/14, I have mailed the foregoing to the following addresses:

Krista Radford
3601 S. Kirk St.
Aurora, CO 80013

*s/ Christine Miccio*

6664323_1

# FRONTIER



☐ **REQUEST FOR TIME OFF**
☒ **RECORD OF DISCUSSION**
☒ **PERFORMANCE COUNSELING RECORD**

ATT    6802         FL5006  01/27/04

EMPLOYEE NAME KRISTA          EDMONDS RADFORD          POSITION          Agent, ACA

DEPARTMENT          Denver ACA          DATE          2/23/2012

☐ Request for Vacation/Personal Holiday Date(s): _____        _____

☒ Record of discussion ☒ Tardy/Date:  2/22/2012   ☐ Sick/Date(s): _____   ☐ Other/Date(s): _____

**TYPE OF PERFORMANCE COUNSELING:**
☐ Documented Verbal Warning   ☐ Written Warning   ☒ Final Termination Warning   ☐ Suspension
(Refer to Frontier Airlines Employee Handbook regarding performance and conduct for additional information.)

**SUBJECT OF DISCUSSION/REASON(S) FOR PERFORMANCE COUNSELING** (Be specific; refer to previous performance counselings as appropriate.)

Krista was tardy on 2/22/12. Krista has two other tardies on 5/24/11 and 7/3/11.

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**

Krista has read and understands the Frontier Attendance Policy. She has been made aware that if she is tardy pryor to 7/3/12 that she will be on Suspension pending Investigation.

Effective ___2/22/2012___, you begin a warning period for ☒1 year ☐ 3 years. You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in your behavior and/or performance as outlined in this document. If, at any time during the warning period or thereafter, you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations, additional action may be taken, up to and including termination of your employment.

Issued By:
SUPERVISOR SIGNATURE/APPROVAL _____          Date _2/23/12_

Approved By:
NEXT LEVEL OF MANAGEMENT SIGNATURE/TITLE _____          Date _____

Reviewed By:
HUMAN RESOURCES SIGNATURE/TITLE _____          Date _____

I acknowledge and understand the following:

* The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.
* Failure to improve my performance and/or behavior as described may result in further action, including termination.
* I have the right to appeal disciplinary action in accordance with Union Grievance Procedures.
* I am not eligible to apply for another position within the Company for 90 days from the date of this action.

Employee Signature _____          Date _2-23-2012_

Union Steward Signature _____          Date _____

Document distribution for performance counseling record: HR, Employee, Steward, Supervisor.

D-3

# FRONTIER

☐ **REQUEST FOR TIME OFF**
☒ **RECORD OF DISCUSSION**     FTW
☒ **PERFORMANCE COUNSELING RECORD**

ATT   **6912**   FL5098  01/27/04

EMPLOYEE NAME  KRISTA     EDMONDS RADFORD          POSITION _____ Agent, ACA

DEPARTMENT _____ **Denver ACA**          DATE _____ **5/11/2012**

☐ Request for Vacation/Personal Holiday Date(s): _____

☒ Record of discussion ☐ Tardy/Date: _____  ☐ Sick/Date(s): _____  ☒ Other/Date(s): _____

**TYPE OF PERFORMANCE COUNSELING:**

☐ Documented Verbal Warning   ☐ Written Warning   ☒ Final Termination Warning   ☐ Suspension
(Refer to Frontier Airlines Employee Handbook regarding performance and conduct for additional information.)

**SUBJECT OF DISCUSSION/REASON(S) FOR PERFORMANCE COUNSELING** (Be specific; refer to previous performance counselings as appropriate.)

Krista was not at her assigned plane with the rest of her team at 4:20 AM on Thursday May 10th, 2012. I found her in the break room SLEEPING.

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANC**

I have verbally warned Krista in the past about- SLEEPING during work hours. I have
policy several times and she said she understood the policy. Krist has been made aware
at your assigned work location, or SEEPING during company hours prior to 5/9/2013,
Pending Investigation.

Effective _____ **5/10/2012** _____ , you begin a warning period for ☒ 1 year ☐ 3 yea
take whatever action is necessary to meet the expectations for sustained change in your
lined in this document. If, at any time during the warning period or thereafter, you fail to m
cient and sustained progress toward meeting stated expectations, additional action may
tion of your employment.

Issued By:
SUPERVISOR SIGNATURE/APPROVAL _____ *Richel Allen* _____  Date  5/13/12

Approved By:
NEXT LEVEL OF MANAGEMENT SIGNATURE/TITLE _____  Date _____

Reviewed By:
HUMAN RESOURCES SIGNATURE/TITLE _____  Date _____

I acknowledge and understand the following:

* The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.
* Failure to improve my performance and/or behavior as described may result in further action, including termination.
* I have the right to appeal disciplinary action in accordance with Union Grievance Procedures.
* I am not eligible to apply for another position within the Company for 90 days from the date of this action.

Employee Signature _____ *Krista Radford* _____  Date 5/13-2012

Union Steward Signature _____ *WAJVCD* _____  Date _____

Document distribution for performance counseling record: HR, Employee, Steward, Supervisor.

D-3

# FRONTIER.

ATT    6998    FLS006  01/27/04

☐ **REQUEST FOR TIME OFF**
☒ **RECORD OF DISCUSSION**
☒ **PERFORMANCE COUNSELING RECORD**

SPI

EMPLOYEE NAME KRISTA        EDMONDS RADFORD        POSITION    Agent, ACA

DEPARTMENT        Denver ACA        DATE        6/23/2012

☐ Request for Vacation/Personal Holiday Date(s): _____    _____    _____

☒ Record of discussion ☐ Tardy/Date:        ☒ Sick/Date(s): 6/22/2012    ☐ Other/Date(s): _____

**TYPE OF PERFORMANCE COUNSELING:**

☐ Documented Verbal Warning    ☐ Written Warning    ☐ Final Termination Warning    ☒ Suspension
(Refer to Frontier Airlines Employee Handbook regarding performance and conduct for additional information.)

**SUBJECT OF DISCUSSION/REASON(S) FOR PERFORMANCE COUNSELING** (Be specific; refer to previous performance counselings as appropriate.)

Krista called in sick on 6/22/12.  Krista has also called in sick on 4/21/12, 2/8/12, 9/2/11, 8/17/11, 7/27/11 and 6/26/11.

FMLA
TOC
OJI
Absence
sick
Mistake

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**

Krista has read and understands Frontier's attendance policy.  Krista understands she is under Suspension Pending an Investigation and possible termination.

Effective        6/22/2012        , you begin a warning period for ☒1 year ☐ 3 years. You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in your behavior and/or performance as outlined in this document. If, at any time during the warning period or thereafter, you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations, additional action may be taken, up to and including termination of your employment.

Issued By:
SUPERVISOR SIGNATURE/APPROVAL *B.L.*        Date 7-9-12

Approved By:
NEXT LEVEL OF MANAGEMENT SIGNATURE/TITLE _____        Date _____

Reviewed By:
HUMAN RESOURCES SIGNATURE/TITLE _____        Date _____

I acknowledge and understand the following:

- The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.
- Failure to improve my performance and/or behavior as described may result in further action, including termination.
- I have the right to appeal disciplinary action in accordance with Union Grievance Procedures.
- I am not eligible to apply for another position within the Company for 90 days from the date of this action.

Employee Signature _____        Date 7-9-12

Union Steward Signature *Bill DeCoot via Phone*        Date 7-9-12

Document distribution for performance counseling record: HR, Employee, Steward, Supervisor.

D-3

# FRONTIER. PERFORMANCE COUNSELING RECORD

| | |
|---|---|
| | Form Number: 30698 |
| | Effective Date: 04/13/12 |

EMPLOYEE NAME: **KRISTA EDMONDS-RADFORD - #420611**     DATE    8/17/2012

DEPARTMENT / LOCATION **ACA/DENVER**      POSITION

**TYPE OF PERFORMANCE COUNSELING:**

- [ ] Documented Verbal Warning
- [ ] Written Warning
- [x] Final Termination Warning
- [ ] Suspension Pending Investigation
- [ ] Pass Suspension
- [ ] Record of Discussion

(Refer to Frontier Airlines Employee Handbook or Department-specific guidelines for information regarding performance and conduct)

Was EAP offered?   [x] YES   [ ] NO
Was FMLA discussed (if applicable)?   [x] YES   [ ] NO

**REASON(S) FOR PERFORMANCE COUNSELING**    (Be specific; refer to previous performance counseling as appropriate.)
**Krista punched in at 838 for a 830 shift on 8/17/12. A .5 occurrence is being charged to your attendance for this tardy. Occurrence total as of 8/17/12 is 8.5**

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**
**This is a FINAL TERMINATION WARNING. Any further attendance occurrences may result in discipline up to and including termination.**

**Unless otherwise indicated, all warnings / corrective actions remain effective for an active twelve-month Period from the date of the warning at the level it was administered.**

You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in Your behavior and/or performance as outlined in this document. If, at any time during the warning period or thereafter, you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations, additional action may be taken, up to and including termination of your employment.

Issued By:
SUPERVISOR SIGNATURE _Richard Allden_     Date _9/26/12_

OTHER / WITNESS SIGNATURE _____     Date _____

I acknowledge and understand the following:

- [x] The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.

- [x] Failure to improve my performance and/or behavior as described may result in further action, including termination.

- [x] Employees on a final written warning level of discipline will not be eligible for Employee initiated transfers or promotions Within a twelve month period from the date of the final warning

- [x] I have the right to appeal disciplinary action in accordance with Union Grievance Procedures.

Employee Signature _Krista Radford (under protest)_   Date _9-26-12_   _Grievances steward will notify union rep_

Union Steward Signature _____     DATE _____

Document distribution: Signed Original to Human Resources; copies to both the named employee, and to the supervisor issuing the Performance Counseling Record.

D-3

# FRONTIER PERFORMANCE COUNSELING RECORD

| | |
|---|---|
| Form Number: 30698 | |
| Effective Date: 04/13/12 | |

EMPLOYEE NAME: **KRISTA EDMONDS-RADFORD - #420611**       DATE _8/27/2012_

DEPARTMENT / LOCATION _Customer Service_       POSITION _AGENT_

**TYPE OF PERFORMANCE COUNSELING:**

- [ ] Documented Verbal Warning
- [X] Written Warning
- [ ] Final Termination Warning
- [ ] Suspension Pending Investigation
- [ ] Pass Suspension
- [ ] Record of Discussion

(Refer to Frontier Airlines Employee Handbook or Department-specific guidelines for information regarding performance and conduct)

Was EAP offered?       [X] YES   [ ] NO
Was FMLA discussed (if applicable)?   [X] YES   [ ] NO

**REASON(S) FOR PERFORMANCE COUNSELING**       (Be specific; refer to previous performance counseling as appropriate.)
**Krista punched in at 830 for an 800 shift on 8/27/12. A .5 occurrence is being charged to your attendance for this tardy.**
**Occurrence total as of 8/27/12 is 6**

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**
**It is your responsibility to understand and comply with the Dependability policy located in the Frontier Employee Handbook**
**on www.myfrontier.org. If you have questions about this policy, please contact your immediate supervisor.**

**Unless otherwise indicated, all warnings / corrective actions remain effective for an active twelve-month**
**Period from the date of the warning at the level it was administered.**

You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in
Your behavior and/or performance as outlined in this document. If, at any time during the warning period or thereafter,
you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations,
additional action may be taken, up to and including termination of your employment.

Issued By:
SUPERVISOR SIGNATURE _Richard Allerton_       Date _9/26/12_

OTHER / WITNESS SIGNATURE _____       Date _____

I acknowledge and understand the following:

- [X] The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.

- [X] Failure to improve my performance and/or behavior as described may result in further action, including termination.

- [X] Employees on a final written warning level of discipline will not be eligible for Employee initiated transfers or promotions Within a twelve month period from the date of the final warning

- [X] I have the right to appeal disciplinary action in accordance with Union Grievance Procedures.

Employee Signature _Krista Radford under protest KER_   Date _9-26-12_

Union Steward Signature _____       DATE _____

Document distribution: Signed Original to Human Resources; copies to both the named employee, and to the supervisor issuing the Performance Counseling Record.

D-3

# FRONTIER. PERFORMANCE COUNSELING RECORD

Form Number: 30698
Effective Date: 04/13/12

EMPLOYEE NAME: **KRISTA EDMONDS-RADFORD - #420611**          DATE          **9/6/2012**

DEPARTMENT / LOCATION **_ACA/DENVER**                     POSITION **_AGENT**

**TYPE OF PERFORMANCE COUNSELING:**

☐ Documented Verbal Warning          ☐ Suspension Pending Investigation
☒ Written Warning                    ☐ Pass Suspension
☐ Final Termination Warning          ☐ Record of Discussion

(Refer to Frontier Airlines Employee Handbook or Department-specific guidelines for information regarding performance and conduct)

Was EAP offered?          ☒ YES     ☐ NO
Was FMLA discussed (if applicable)?     ☒ YES     ☐ NO

**REASON(S) FOR PERFORMANCE COUNSELING**          (Be specific; refer to previous performance counseling as appropriate.)
Krista punched in at 1017 for a 800 shift on 9/6/12. Per policy missing more than 2 hours of a shift counts as an absence.  1
occurrence is being charged to your attendance for this incident.  Occurrence total as of 9/6/12 is 6

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**
It is your responsibility to understand and comply with the Dependability policy located in the Frontier Employee Handbook
on www.myfrontier.org.  If you have questions about this policy, please contact your immediate supervisor.

**Unless otherwise indicated, all warnings / corrective actions remain effective for an active twelve-month**
**Period from the date of the warning at the level it was administered.**

You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in
Your behavior and/or performance as outlined in this document.  If, at any time during the warning period or thereafter,
you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations,
additional action may be taken, up to and including termination of your employment.

Issued By:
SUPERVISOR SIGNATURE _____          Date **9/26/12**

OTHER / WITNESS SIGNATURE _____          Date _____

I acknowledge and understand the following:

☒   The information in this document was discussed with me and my signature indicates that I have received a copy of the
     Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.

☒   Failure to improve my performance and/or behavior as described may result in further action, including termination.

☒   Employees on a final written warning level of discipline will not be eligible for Employee initiated transfers or promotions
     Within a twelve month period from the date of the final warning

☒   I have the right to appeal disciplinary action in accordance with Union Grievance Procedures

Employee Signature _____ _under protest_   Date **9-26-12**

Union Steward Signature _____          DATE _____

Document distribution: Signed Original to Human Resources; copies to both the named employee, and to the supervisor issuing the Performance Counseling Record.

D-3

# FRONTIER PERFORMANCE COUNSELING RECORD

Form Number: 30698
Effective Date: 04/13/12

EMPLOYEE NAME: **KRISTA EDMONDS-RADFORD - #420611** ___ DATE __12/13/2012__

DEPARTMENT / LOCATION _ACA/DENVER_ ___ POSITION __

**TYPE OF PERFORMANCE COUNSELING:**

**Attendance Record Attached**

- [ ] Documented Verbal Warning
- [ ] Written Warning
- [x] Final Termination Warning

- [ ] Suspension Pending Investigation
- [ ] Pass Suspension
- [ ] Record of Discussion

(Refer to Frontier Airlines Employee Handbook or Department-specific guidelines for information regarding performance and conduct)

Was EAP offered?  [ ] YES  [x] NO

Was FMLA discussed (if applicable)?  [x] YES  [ ] NO

**REASON(S) FOR PERFORMANCE COUNSELING**    (Be specific; refer to previous performance counseling as appropriate.)
Krista was absent for a shift on 12/13/12. 1 occurrence is being charged to your attendance for this absence. Occurrence total as of 12/13/12 is 7

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**
This is a FINAL TERMINATION WARNING. Any further attendance occurrences may result in discipline up to and including termination.

Unless otherwise indicated, all warnings / corrective actions remain effective for an active twelve-month Period from the date of the warning at the level it was administered.

You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in Your behavior and/or performance as outlined in this document. If, at any time during the warning period or thereafter, you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations, additional action may be taken, up to and including termination of your employment.

Issued By:
SUPERVISOR SIGNATURE _____  Date _12/20/12_

OTHER / WITNESS SIGNATURE _____  Date _____

I acknowledge and understand the following:

- [x] The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.

- [ ] Failure to improve my performance and/or behavior as described may result in further action, including termination.

- [ ] Employees on a final written warning level of discipline will not be eligible for Employee initiated transfers or promotions Within a twelve month period from the date of the final warning

- [x] I have the right to appeal disciplinary action in accordance with Union Grievance Procedures,

Employee Signature _____  Date _12 19 2012_
Union Steward Signature _Rachelle Gaubroy_  DATE _12-20-2012_

Document distribution: Signed Original to Human Resources; copies to both the named employee, and to the supervisor issuing the Performance Counseling Record.

D-3

# FRONTIER.

## PERFORMANCE COUNSELING RECORD

Form Number: 30698
Effective Date: 04/13/12

Employee Name  **Krista Edmonds-Radford**          Date  **1/16/13**

Department / Location **ACA/DENVER**          Position **Agent**

**TYPE OF PERFORMANCE COUNSELING:**
- [ ] Documented Verbal Warning
- [ ] Written Warning
- [ ] Final Termination Warning
- [x] Suspension Pending Investigation
- [ ] Pass Suspension
- [ ] Record of Discussion

(Refer to Frontier Airlines Employee Handbook or Department-specific guidelines for information regarding performance and conduct.)

Was EAP offered?          [ ] YES     [ ] NO

Was FMLA discussed (if applicable)?     [ ] YES     [ ] NO

**REASON(S) FOR PERFORMANCE COUNSELING** (Be specific; refer to previous counselings as appropriate.)

Krista was absent for a scheduled shift on 1/15/13. One (1) occurrence is being charged to your attendance for this absence. Occurrence total as of 1/15/13 is 8 (eight). You have also incurred occurrences on the following dates: 02/05/12 (tardy), 02/08/12 (absence), 02/22/12 (tardy), 06/22/12 (absence), 06/29/12 (absence), 08/17/12 (tardy), 08/27/12 (tardy), 09/06/12 (absence), 12/13/12 (absence).

**EXPECTATION(S) FOR SUSTAINED CHANGE IN BEHAVIOR AND/OR PERFORMANCE**

Pursuant to Aritcle 16, "Grievance and discipline Procedures", of the Agreement between Frontier Airlines and Teamster Airline Division Representing the Aircraft Appearance Agents and Maintenance Cleaners, dated September 16, 2005, you are being held out of service without pay, pending investigation for violating Frontier's attendance policy.

**Unless otherwise indicated, all warnings / corrective actions remain effective for an active twelve-month period from the date of the warning at the level it was administered.**

You are expected to immediately take whatever action is necessary to meet the expectations for sustained change in your behavior and/or performance as outlined in this document. If, at any time during the warning period or thereafter, you fail to meet expectations or fail to make sufficient and sustained progress toward meeting stated expectations, additional action may be taken up to and including termination of your employment.

Issued by:
SUPERVISOR SIGNATURE _____   Date **1-22-13**

OTHER / WITNESS SIGNATURE _____   Date _____

I acknowledge and understand the following:

- [ ] The information in this document was discussed with me and my signature indicates that I have received a copy of the Performance Counseling Record, but does not necessarily mean that I agree with this action or the reasons given for it.

- [ ] Failure to improve my performance and/or behavior as described may result in further action, including termination.

- [ ] Employees on a final written warning level of discipline will not be eligible for Employee initiated transfers or promotions within a twelve month period from the date of the final warning.

Employee Signature _____   Date **1-22-2013**

Union Steward Signature _____   Date **1-22-2013**

Document distribution: Signed Original to Human Resources; copies to both the named employee, and to the supervisor issuing the Performance Counseling Record.

D-3

REPUBLIC AIRWAYS

## Certification of Health Care Provider for Employee's Serious Health Condition
## (Family and Medical Leave Act)

**SECTION 1: For Completion by the EMPLOYEE:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider.

Employee Name _Krista Radford_ Company ID#_____

Position_____ Base/Location: _____ Phone Number:_____

Email address:_____ Manager:_____

Employee is requesting (check one) _____Intermittent FMLA _____Continuous FMLA

The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. **Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request.**

**SECTION 2: For Completion by the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: _Matthew Lowy MD_

(stamp may be used)

Type of practice / Medical specialty: _Family Med_

Telephone: _( 303 ) 341 4200_

Fax: _( 303 ) 341 4480_

8909 Purdue Road, Indianapolis, Indiana 46268 Tele: (317) 471-2285  Fax (317) 484-4561, LOA@rjet.com

Revised 03/07/11

# PART A: MEDICAL FACTS

1. Please describe the diagnosis, treatment plan, and all other relevant medical facts concerning the condition for which the employee is requesting leave. Such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as a course of prescription medication, or the use of specialized equipment:

_Anxiety disorder - medication_
_if needed, counselling._

2. Approximate date condition commenced: _7/2011_

   Probable duration of condition: _12/2012_

**Mark below as applicable:**

a) Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   _✓No_ ____Yes. If so, dates of admission:          Date(s) you treated the patient for condition:

b) Will the patient need to have treatment visits at least twice per year due to the condition?
   ____No _✓Yes._

c) Was medication, other than over-the-counter medication, prescribed? ____No _✓Yes._

d) Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)? _✓No_ ____Yes  If so, state the nature of such treatments and expected duration of treatment:

2. Is the medical condition pregnancy? _✓No_ ____Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions. Is the employee unable to perform any of his/her job functions due to the condition: _____ No _✓Yes._

   If so, identify the job functions the employee is unable to perform:

   _Interaction w/ public_

## PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ✓No_____Yes.

   a)  If so, estimate the beginning and ending dates for the period of incapacity: _____

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ____No ✓Yes.

   a)  If so, are the treatments or the reduced number of hours of work medically necessary? ___No ✓Yes.

   b)  Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   c)  Estimate the part-time or reduced work schedule the employee needs, if any:
       _____ hour(s) per day ; __2__ days per week  from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ____No _____✓Yes.

   a)  Is it medically necessary for the employee to be absent from work during the flare-ups?
       ____ No ___✓Yes.  If so, explain:

   b)  Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

       Frequency: __ℓ__ times per _____ week(s)  (month(s)) _____

       Duration: _____ hours  or __ℓ__ day(s) per episode

_____               _3/13/12_
Signature of Health Care Provider                         Date

8909 Purdue Road, Indianapolis, Indiana 46268 Tele: (317) 471-2285  Fax (317) 484-4561, LOA@rjet.com

Revised 03/07/11

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | AMENDED<br>541-2013-00631 |

RECEIVED

Colorado Civil Rights Division     and EEOC

MAR 2 5 2013     *State or local Agency, if any*

EEOC - DENVER
FIELD OFFICE

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Krista L. Radford | (720) 434-5551 | 06-22-1965 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3601 S Kirk Street, Aurora, CO 80013 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| FRONTIER AIRLINES | 500 or More | (800) 432-1359 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7001 Tower Road,  Denver, CO 80249 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-19-2012**     Latest **02-01-2013**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

A M E N D E D

I. I filed a charge of discrimination with the EEOC on October 9, 2012 (charge number 541-2013-00059) while in my position as an aircraft appearance worker. I have been harassed and retaliated against from 10/19/12 to the present.

II. I believe I have been retaliated against because I am disabled within the meaning of the Americans with Disabilities Act of 1990, as amended, The ADA Amendments Act of 2008 (ADAAA) and, in retaliation for participating in a protected activity, insomuch as:

a. I am performing my job duties satisfactorily and do not have any performance or disciplinary problems which are not bogus or retaliatory.
b. I have been written up four times since I filed my charge and harassed via the write-ups. The company is doing this on purpose. The company makes up bogus reasons to harass me and does not have any proof the write-ups are legitimate. The company has also purposefully recorded my attendance reviews incorrectly. The company stated that I have had absences for more times than I have actually been absent.
C.  I was accused of (1) falsifying a sick claim, (2) using a stolen credit card to purchase a round trip ticket and (3) attendance issues and subsequently discharged on February 1, 2013.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>*3-21-13*<br>Date     Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |



**U.S. Equal Employment Opportunity Commission**
**Denver Field Office**

303 East 17th Avenue
Suite 410
Denver, CO 80203
(303) 866-1300
TTY (303) 866-1950
Fax: (303) 866-1085

Respondent: FRONTIER AIRLINES
EEOC Charge No.: 541-2013-00631
FEPA Charge No.:

March 14, 2013

Krista L. Radford
3601 S Kirk Street
Aurora, CO 80013

Dear Ms. Radford:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

    [ ]    Title VII of the Civil Rights Act of 1964 (Title VII)

    [ ]    The Age Discrimination in Employment Act (ADEA)

    [ X ]    The Americans with Disabilities Act (ADA)

    [ ]    The Equal Pay Act (EPA)

    [ ]    The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

   (1)  Review the enclosed charge form and make corrections.

   (2)  Sign and date the charge in the bottom left hand block where I have made an "X". For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

   (3)  Return the signed charges to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court. Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to Colorado Civil Rights Division 1560 Broadway Street Suite 1050 Denver, CO 80202 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Todd Chavez
Investigator
(303) 866-1383

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

303 East 17th Avenue, Suite 410
Denver, CO 80203
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Denver Status Line: (866) 408-8075
Denver Direct Dial: (303) 866-1359
TTY (303) 866-1950
FAX (303) 866-1085


*Deadline*
*Dec. 30, 2013 !!!*

Krista L. Radford
3601 S Kirk Street
Aurora, CO 80013

RE:  EEOC Charge Number: 541-2013-00631

Dear Ms. Radford,

This is to advise that we have made the determination to dismiss your charge of employment discrimination (referenced above).  Our assessment of the charge included careful consideration of all the information offered by both you and the employer.

As you may already know, in 1995, our agency moved toward a more strategic approach to enforcement with the adoption of new priority charge handling procedures.  These procedures require our staff to make careful decisions about charges to ensure that our limited available resources are focused upon those charges which we believe, based upon our extensive experience in interpreting the laws that we enforce, are most likely to result in findings of violation(s). While reasonable persons may differ in their views of the available evidence pertaining to individual charges, the overall effect of our operational approach has been that a very large number of non-meritorious cases have been eliminated from our national workload, thus allowing for more timely and careful attention to other charges more likely to result in significant civil rights enforcement gains.

Our review of the evidence indicates that it is very unlikely that further investigation will yield sufficient evidence to establish a violation of the laws that we enforce.  At this time, the available evidence does not support your allegation of discrimination  or retaliation for taking part in a protected activity.  Accordingly, we decline to take further action on the subject charge.  The enclosed Dismissal and Notice of Rights represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue this matter by filing a lawsuit within 90 days of receipt of the notice.  If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC.

We hope that this information is helpful to you.

Sincerely,

**SEP 3 0 2013**
_____
Date

_Todd Chavez_
Todd Chavez
Investigator
(303) 866-1383

Enclosure:     Dismissal and Notice of Right to Sue
               Attorney Referral List

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Krista L. Radford<br>3601 S Kirk Street<br>Aurora, CO 80013 | From: | Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2013-00631 | Christopher D. Padilla,<br>Supervisory Investigator | (303) 866-1336 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Nancy A. Sienko* for    **SEP 3 0 2013**

Enclosures(s)

Nancy A. Sienko,
Director

(Date Mailed)

cc:  Jerry Arellano
**Manager, Employee Relations**
**FRONTIER AIRLINES**
**7001 Tower Road**
**Frontier Center One**
**Denver, CO 80249**

**FRONTIER.**

Frontier Airlines, Inc.
Frontier Center One
7001 Tower Road
Denver, CO 80249

P 720.374.4200
F 720.374.4375

frontierairlines.com

December 05, 2012

DEC 0 7 2012

Holly B. Romero
Enforcement Supervisor
Denver Field Office
303 East 17th Avenue
Suite 410
Denver, CO 80203

**RE:** Ms. Krista L. Radford vs. Frontier Airlines, Inc.
Charge No. 541-2013-00059

## PART I
## INTRODUCTION

1. Name and Address of the Organization

Frontier Airlines, Inc.
7001 Tower Road
Denver, CO 80249

2. Representative of the Organization

Jerry Arellano
Manager, Employee Relations/HR
7001 Tower Road
Denver, CO 80249
(720) 374-4594

3. Kind of Business

Republic Airways Holdings, Incorporated based in Indianapolis, IN is an airline holding company that owns Chautauqua Airlines, Frontier Airlines, Republic Airlines and Shuttle America, collectively "the airlines" and is engaged in the transportation of passengers.

4. Number of Employees

Republic Airways currently employs 11260 full-time and part-time employees.

*A whole different animal.*

# FRONTIER.

Frontier Airlines, Inc.      P 720.374.4200      frontierairlines.com
Frontier Center One          F 720.374.4375
7001 Tower Road
Denver, CO 80249

Frontier Airlines / Republic Airways Holdings does not discriminate in employment on the basis of Retaliation or Disability. Frontier Airlines Inc. maintains and enforces an Equal Employment Opportunity policy, which specifically prohibits all forms of discrimination, including Age, Race and Disability (**Exhibit A**). The policy states: That every person has the same human rights and privileges without regard to their race, creed, color, sex, sexual orientation, age, marital status, national origin, disability, or status as a special disabled veteran, veteran of the Vietnam era or other veteran campaigns regarding our recruiting, hiring, training and promotion of individuals in all job titles.

Frontier prohibits retaliation against any employee for making any good faith complaint or for participating in any investigation concerning such complaint. If the employee believes they have been subject to any such retaliation they must promptly notify the Director of Human Resources, or designee (**Exhibit B**). Any employee found to have engaged in conduct that violates this policy will be subject to immediate corrective action, up to and including termination of employment.


## PART II
### On the Issue of Discipline

Ms. Radford was employed by Frontier Airlines, Inc. on January 31, 2011 as an Aircraft Appearance Agent out of Denver International Airport (DIA). She remains an active employee of Frontier Airlines, Inc.

During New Employee Orientation, Krista acknowledged that she received notification of the Employee Handbook (**Exhibit C**). The handbook is designed to acquaint employees with Frontier and provide information about working at Frontier. The handbook is not all-inclusive, but is intended to provide employees with a summary of some of Frontier's guidelines. For continuous updates of the Employee Handbook, employees are advised to check Frontier's intranet.

It is essential for any organization to have employees in their workstations at their expected times for the orderly operation of their business and Frontier is no exception. We understand employees are absent on occasion or are late to work for reasons beyond their control. For that reason, tracking attendance, absences or tardiness, is not intended to reflect negatively on any employee, but to treat everyone fairly and impartially. The focus of the program is based on a cumulative occurrence system. Any step of corrective action may be issued without issuing the prior corrective action warnings if the employee accumulates the applicable number of occurrences (**Exhibit D**). Any corrective action administered under the Dependability policy will remain in effect for an active twelve-month period from the date of the warning at the level it was issued, even if the employee's Dependability Occurrences fall below the most recent disciplinary level. If an employee accumulates seven (7) Dependability Occurrences in an active rolling twelve-month period, the employee will be issued a Final Warning Letter and will receive a three day unpaid suspension from work. This is consistent with the action taken against Krista Radford.

*A whole different animal.*

# FRONTIER.

Frontier Airlines, Inc.        P 720.374.4200        frontierairlines.com
Frontier Center One           F 720.374.4375
7001 Tower Road
Denver, CO 80249

Corrective action is progressive in nature, but may be implemented or accelerated at any step, including termination, depending upon the severity of the situation and prior discipline. In the case of flagrant, serious or continuous violations, at the discretion of Frontier, corrective action may begin at any of the levels or may lead to termination of employment. The steps of progressive discipline include Documented Verbal Warning, Written Warning, Final Warning/Suspension, and Discharge or Termination **(Exhibit E)**.

*[handwritten: Prior to filing FMLA Frontier was within their right to terminate. After paperwk filed harassment began]*

Pursuant to Article 16, "Grievance and Discipline Procedures" of the Agreement between Frontier Airlines and the Teamsters Airline Division representing the Aircraft Appearance Agents, dated September 16, 2005 **(Exhibit F)**, any employee subject to discipline involving loss of pay or termination shall be entitled to have action handled in accordance with the Grievance and Discipline Procedures. The Company may hold an employee out of service, with or without pay, pending such investigation, which is consistent with the action taken against Ms. Radford.

*[handwritten: filed for FMLA on 2/28/2012]*

On February 15, 2012, Ms. Radford was held out of service without pay, pending investigation for violating Frontier's attendance policy. Ms. Radford had incurred an occurrence on 02/08/12 making it her sixth occurrence within a 10-month rolling period. Bryan Andrews, Manager of Aircraft Appearance advised Ms. Radford she was being suspended for violating Frontier's attendance policy. Ms. Radford had incurred absences on 05/18/11, 06/24/11, 07/27/11, 08/17/11, 09/21/11 and 02/08/12. She was reinstated and informed that any further absence that takes place prior to 06/24/12 will result in disciplinary action up to and including termination **(Exhibit G)**.

*[handwritten: FMLA]* On 04/13/12 and 04/21/12 Ms. Radford incurred her eighth and ninth absence; subsequently she was notified by Camille Shojgreen, Supervisor of Aircraft Appearance that she was being held out of service without pay, pending investigation for violating Frontier's attendance policy. Upon request, Ms. Radford provided medical documentation, thus supporting her absence. Ms. Radford was reinstated and received back-pay for the time held out of service.

*[handwritten: Caused because of OSI]* On 05/10/12 Ms. Radford was found in the breakroom, during work hours, sleeping which resulted in a Final Termination Warning being administered by Richard Allshouse, Supervisor of Aircraft Appearance **(Exhibit G)**.

On 06/22/12 Ms. Radford incurred a seventh sick instance; therefore, was held out of service by Bryan Andrews, Manager of Aircraft Appearance. Consideration was given to the fact that Ms. Radford had a sick instance rolling off her attendance record on 06/24/12. Due to this, she was reinstated and incurred no loss in pay.

*[handwritten: FMLA]* On 06/27/12 Ms. Radford incurred a sick instance making it her seventh; therefore, was held of service without pay, pending investigation by Richard Allshouse. After further review, it was discovered that Ms. Radford had been approved for Intermittent FMLA; therefore, was reinstated with back pay.

On 09/06/12 Krista arrived to work more than two (2) hours late. Per policy an employee reporting more than 2 hours will be treated as one occurrence **(Exhibit H)**. As of 09/06/12, several occurrences had rolled off Ms. Radford's attendance record. The occurrence incurred on 09/06/12

*A whole different animal.*

**FRONTIER**

Frontier Airlines, Inc.    P 720.374.4200    frontierairlines.com
Frontier Center One     F 720.374.4375
7001 Tower Road
Denver, CO 80249

placed Ms. Radford at six (6) occurrences, which resulted in a Written Warning being administered by Richard Allshouse (**Exhibit G**).

Pursuant to Article 16, "Grievance and Discipline Procedures" of the Agreement between Frontier Airlines and the Teamsters Airline Division representing the Aircraft Appearance Agents, dated September 16, 2005 (**Exhibit F**) "The Company and the Union further agree that certain infractions warrant immediate action". In cases of theft, fraud and dishonesty the Company may take immediate action against any employee, up to and including termination. On 09/10/12, Ms. Radford was advised that she was being suspended, effective immediately, based on allegations that she had committed time card fraud and had violated Frontier's guidelines regarding Workers Compensation Light Duty Assignments (**Exhibit I**). An initial hearing was held on 09/10/12 in accordance with the collective bargaining agreement by Jerry Arellano, Manager of Employee Relations. After further review the Company was unable to substantiate the claims of time card fraud; therefore, Ms. Radford was reinstated effective 09/11/12 with back pay for the time held out of service (**Exhibit J**).

*[handwritten in left margin: "that I was told I was going to drop off"]*

## PART III
## On the Issue of Harassment

*[handwritten in left margin: "Voiced concern that I was in Jerbol holder Yarbrough was present when I voiced my concern I was being harassed and singled out."]*

Ms. Radford states "My employer has continued to harass me". Frontier employees are expected to show genuine respect and kindness to each other. Frontier complies with federal and state equal employment opportunity laws and strives to keep the workplace free from all forms of unlawful harassment. The Company does not and will not permit employees to engage in unlawful discriminatory practices, sexual harassment, or harassment based on race, color religion, gender, sexual orientation, gender identity, marital status, national origin, creed, age, disability, genetic information, or veteran status, as well as any other status protected by applicable federal or local law. Unlawful harassment by any employee, supervisor, manager, or person doing business with the Company is strictly prohibited (**Exhibit B**).

Employees who believe they have been subjected to harassment should directly inform the offending person that his or her conduct is unwelcome and must stop. If the employee feels uncomfortable in doing so, they should immediately bring the matter to the attention of management or Human Resources. There is no record of Ms. Radford notifying management or Human Resources of such complaint.

*[handwritten in left margin: "Did inform Mike Pazell"]*

*[handwritten: "thats a lie"]*

*[handwritten: "Mike Pazell w/ MG Yarborough present"]*

## PART IV
## On the Issue of Wages

The Company recognizes the Union as the sole collective bargaining agent and authorized representative for those employees of Frontier Airlines, Inc., composing the craft or class of Aircraft Appearance Agents and Maintenance Cleaners as certified by the National Mediation Board in Case No. R-6823 on October 9, 2003.

The contractual bargaining agreement (**Exhibit L**) extends to all employees classified as Aircraft Appearance Agents and Maintenance Cleaners who are engaged in the service of the Company's aircraft, under Frontier's operating certificate, as defined in Classifications, qualifications, and shift bid areas of the Agreement.

*A whole different animal.*

# FRONTIER.

| | |
|---|---|
| Frontier Airlines, Inc. | P 720.374.4200 |
| Frontier Center One | F 720.374.4375 |
| 7001 Tower Road | frontierairlines.com |
| Denver, CO 80249 | |

Pursuant to Article 23, "Wage Rules – Shift Premiums – Longevity" of the Agreement between Frontier Airlines and the Teamsters Airline Division representing the Aircraft Appearance Agents, dated September 16, 2005 "Employees will be paid bi-weekly". The hourly rate (wage rate) is based off years of service.

Ms. Radford claims that she was only paid approximately $89.00 for the pay period ending August 2012. On pay date 08/09/12 (pay period 07/21/12 through 08/03/12), Ms. Radford's net pay was $1,249.64. On pay date 08/23/12 (pay period 08/04/12 through 08/17/12), Ms. Radford's net pay was $399.05. On pay date 09/06/12 (pay period 08/18/12 through 08/31/12), Ms. Radford's net pay was $603.19 **(Exhibit M)**. The claim that Ms. Radford had only been paid approximately $89.00 for the pay period ending August 2012 is simply untrue.

On October 15, 2012, Ms. Radford voiced concerns regarding unpaid wages. Pursuant to Article 23, "Wage Rules – Shift Premiums – Longevity" of the Agreement between Frontier Airlines and the Teamsters Airline Division representing the Aircraft Appearance Agents, the company met with Ms. Radford to address her concerns. As a result of this meeting, the company conducted an audit of Ms. Radford's hours worked. It was discovered that Ms. Radford had incurred seven (7) missed punches (failed to punch in/out) between 07/17/12 through 10/13/12, thus resulting in unpaid hours. These hours were paid to Ms. Radford on her 11/01/12 paycheck **(Exhibit K)**.

## PART V
## On the Issue of Retaliation

Frontier prohibits retaliation against any employee for making any good faith complaint regarding conduct prohibited by the Standards of Conduct Policy, or for participating in any investigation concerning such a complaint. If an employee believes they have been subject to any such retaliation, they must promptly notify the Director of Human Resources, or a designee **(Exhibit B)**.

There is no record of Ms. Radford notifying management or Human Resources of such complaint. The claim that Ms. Radford was retaliated against is simply untrue.

## PART VI
## RESPONSE TO THE CHARGE OF DISCRIMINATION

Ms. Radford claims that Frontier Airlines, Inc. has discriminated against her due to a disability. Ms. Radford is currently approved for Intermittent FMLA effective 02/28/12 through 02/27/13 for eight (8) days per month. As of 02/28/12 through 10/17/12, Ms. Radford has used a total of 301.25 hours of Intermittent FMLA **(Exhibit N)**.

On 08/21/12, Ms. Radford left a message for Miriam Gonzales, LOA Coordinator at 0818 requesting Intermittent FMLA. She also left a message for Jerry Arellano, Manager, Employee Relations at 0452 requesting Intermittent FMLA for this day. Ms. Radford had submitted a manual time card to management claiming she worked on this day. On 08/22/12, Ms. Radford contacted Miriam Gonzales requesting Intermittent FMLA; however, submitted a manual time card claiming she

*A whole different animal.*

# FRONTIER.

Frontier Airlines, Inc.    P 720.374.4200    frontierairlines.com
Frontier Center One       F 720.374.4375
7001 Tower Road
Denver, CO 80249

worked.  On 08/28/12, Ms. Radford requested Intermittent FMLA and submitted a manual time card stating she worked (**Exhibit O**).

Due to the concerns outlined above, Ms. Radford was notified on 09/10/12 that she was being suspended based upon allegations that she had committed time card fraud (**Exhibit I**).  An initial hearing in accordance with the collective bargaining agreement was held on 09/10/12.  Ms. Radford, claims she submitted the manual time cards in error; therefore, was given the benefit of the doubt and reinstated with no loss in pay.  The claim that Ms. Radford was retaliated against is simply untrue. *Ms Radford stated she was confused that she was able to complete a manual time card because everything was "messed up". After investigation, Mrs Radford was found not to have committed Time Card fraud based on what she was asked to do.*

Based on the foregoing, the Respondent, Frontier Airlines respectfully requests that the Equal Employment Opportunity Commission determine there is no cause to believe that Frontier Airlines, Inc. discriminated against the Complainant, Krista L. Radford based on Retaliation or Disability.  If you have any additional questions, please feel free to contact me.

Sincerely,

Jerry Arellano
Manager, Employee Relations/HR
7001 Tower Road
Denver, CO  80249
(720) 374-4594

**A whole different animal.**

# FRONTIER.

Frontier Airlines, Inc.        P 720.374.4200        frontierairlines.com
Frontier Center One        F 720.374.4375
7001 Tower Road
Denver, CO 80249

February 23, 2013

Bill DeGroot
International Brotherhood of Teamsters
Local Union 455
10 Lakeside Lane
Suite 3-a
Denver, CO  80212

Dear Bill,

Enclosed, please find exhibits for the upcoming System Board Hearing for Krista Edmonds-Radford.

Frontier Airlines provides clear performance objectives and expectations of our employees and it was Ms. Edmonds-Radford responsibility to follow these policies and procedures. Article 16.2.b states "The Company and Union agree that progressive discipline will be used when reprimanding employees.  Progressive discipline will include four steps, as follows:

  i. Documented Counseling
  ii. Written Warning
  iii. Final Termination Warning that may include suspension with or without pay
  iv. Termination."

The Company and the Union further agree that certain infractions warrant immediate action. In cases of workplace violence, harassment, alcohol and/or drug use on the job as defined in the Company's policies, theft, fraud and dishonesty, serious safety or security violations, and instances of two (2) no-call-no-shows unless a pattern of absences exists and then the employee could be terminated after one (1) no-call-no-show, the Company may take immediate action against the employee, up to and including termination."

It is our position; the steps outlined above are consistent with the action taken against Ms. Edmonds-Radford.

Sincerely,

Mike Pazell
Manager, System Aircraft Appearance
Frontier Airlines - DEN

*A whole different animal.*

# FRONTIER.

Frontier Airlines, Inc.          P 720.374.4200          frontierairlines.com
Frontier Center One              F 720.374.4375
7001 Tower Road
Denver, CO 80249

**Delivered via USPS and certified mail # 7012 2920 0001 7900 6431**

February 4, 2013

Krista L Edmonds-Radford
3601 S. Kirk
Aurora, CO  80013

RE:  **Termination of Employment**

Dear Krista,

You were placed on Suspension effective January 22, 2013 pending the investigation regarding the following:

1)  Falsification of a sick claim and requesting the inappropriate use of FMLA.
2)  Use of a stolen credit card to purchase a roundtrip ticket for your eligible traveler.
3)  Your attendance record.

We have concluded our investigation.  In accordance with the Collective Bargaining Agreement between Frontier Airlines and the Aircraft Appearance Agents of Frontier Airlines as represented by the Teamsters Airline Division, we scheduled a time to meet with you, and your Union representative Bill DeGroot, on Tuesday, January 29, 2013.  In attendance were Bryan Andrews, Manager, Aircraft Appearance, Mike Pazell, Sr. Manager, System Aircraft Appearance Bill DeGroot, Union representative, Jerry Arellano, Manager, Employee Relations and you.

Krista, Frontier Airlines provides clear performance objectives and expectations of our employees and it is your responsibility to follow these policies and procedures.  Article 16.2.b states "The Company and Union agree that progressive discipline will be used when reprimanding employees.  Progressive discipline will include four steps, as follows:

    i.      Documented Counseling
    ii.     Written Warning
    iii.    Final Termination Warning that may include suspension with or without pay
    iv.    Termination."

The steps outlined above are consistent with the action taken against you.

This letter is to advise that your employment with the company has been terminated effective February 1, 2013.

Please return any company property, i.e., keys, manuals, etc. They must be returned to the worksite as soon as possible. Before arriving to the worksite, you should call Bryan Andrews to make arrangements for a meeting time.

Sincerely,

Mike Pazell
Sr. Manager, System Aircraft Appearance

CC:    Personnel File
       Bill DeGroot
       Mathew Faazakas

*A whole different animal.*

EXHIBIT ___A-1___

**Arellano, Gerardo**

| | |
|---|---|
| **From:** | Gahm, Grant |
| **Sent:** | Monday, February 11, 2013 2:14 PM |
| **To:** | Arellano, Gerardo |
| **Subject:** | FW: Non-rev ticket chargebacks |

Jerry,

I don't know what the outcome was with the AA agent but the "fraudulent" CC used to pay for Tayo Peters reservation came back as a chargeback.

**Grant Gahm**
Manager, Aviation Security; AOSC
Frontier Airlines

P: 720.374.4462
F: 720.374.3496
C: 720.227.4126

ggahm@flyfrontier.com

**FLYFRONTIER.com**

---

**From:** Zeni, Barbara A.
**Sent:** Monday, February 11, 2013 9:16 AM
**To:** Miller, Teresa
**Cc:** Olson, Mayra K.
**Subject:** Non-rev ticket chargebacks

Good morning,

I have received 2 chargebacks on 2 non-rev tickets. I cannot fight these chargebacks, so I accepted them and hopefully you can do something on your end with the employee. We did not get paid for either of these tickets, due to the chargebacks. If you could look into this, I would appreciate it. Thanks, Barb

4222174169184 – Peters/Tayo  I closed it out in erev and nogoed it in Interact so the ticket could not be used. It is a paper ticket so it is a possibility the pax could use it. The fees to refund it were not taken out.



EXHIBIT ___C-1___

1

Edmonds-Radford. I've attached the PNRs and the Passrider screen. The CC was actually charged twice. The other PNR was for travel on 1/16. I've talked to Mike Pazell just to let him know about it and am still investigating. I'm going to cancel the PNR for tonight.

**Grant Gahm**
Manager, Aviation Security; AOSC
Frontier Airlines

P: 720.374.4462
F: 720.374.3496
C: 720.227.4126

ggahm@flyfrontier.com

FLYFRONTIER.com

---

**From:** Ryan Gurnitz [mailto:rgurnitz@accertify.com]
**Sent:** Sunday, January 20, 2013 7:49 AM
**To:** Gahm, Grant
**Cc:** Mike Douglas
**Subject:** NGITSU/HVKFVS

Grant,

I recieved a call from a Kelly Robertson in regards to two purchase made on her cc for $44.30 each that she did not authorize. This order did not come through are system. PNR were provided by Frontier Agent.

Kelly Robertson call back number- 312-448-1138.

**Ryan Gurnitz**

**Fraud Analyst, Managed Services**

**Accertify, Inc.**

**1075 Hawthorn Drive, Itasca, IL 60143**
Office ☎ (630) 735-4675

✉ rgurnitz@accertify.com - www.accertify.com

This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer.

**FRONTIER**



February 14th, 2012

Krista Edmonds-Radford
3661 S. Kirk St.
Aurora, CO 80013

Dear Krista:

On Fenruary 15th, 2012 you were suspended without pay for violating Frontier's attendance policy due to absences that took place on 2/8/12, 9/21/11, 8/17/11, 7/27/11, 6/24/11 and 5/18/11.

The Aircraft Appearance management team, H.R. and your Union have reviewed this matter and have decided on the following disciplinary action:

    1)  You will be placed back in service and remain on Final Termination Warning for absences. Any further absence that takes place before 6/24/2012 will result in disciplinary action up to and including termination.

I am confident that you understand the seriousness of your attendance situation and will take the necessary steps to correct the problem.

If you have any questions regarding the above action, please contact a member of your Aircraft Appearance management team.

Sincerely,

Bryan Andrews
Manager
System Aircraft Appearance
Frontier Airlines

*A whole different animal.*

D-3

RECEIVED

MAR 25 2013

EEOC - DENVER
FIELD OFFICE

My rebuttal regarding Frontier Airlines answers to my filings. Please note that I am not an attorney nor do I have any knowledge to know everything on how to write a rebuttal. But I will do the best that I can in giving my statements. (Part II)

On Exhibit "B" I have told my supervisor my concern on being singled out for harassment. I've got no union members when I ask for one to be present when my supervisor called me into the office on several occasions to sign write up discipline forms. And Mike Pozell manager said no you are being paranoid no one is singaling you out. So that answer from Frontier is incorrect.

Exhibit C Frontier has a new attendance policy which went into effect July 2012. Which is diffrent from old policy I was suspended at the time.

Exhibit D Per all of my documents already submitted Frontier has my On the Job injury dates and points system incorrect from sick days and FMLA days I am currently 6 (six) points and not 8 points which would be termination status.

Exhibit E - Steps of progressive discipline was not properly applied to write ups documents have already been submitted.

2)

Exhibit F my union was dead set against
Frontier for the action they took against me.
Exhibit G those dates had all dropped off
of my record in one calander year and
I kept getting repremanded for all of the
old write ups which should have been expired.
Snured sleeping in break room should have
been dismissed per my union arguement not
able to go on planes they had me to only
be in break area because I was on the
job enjury which they forbid to work on planes
because of enjury which led me to only have
light duties.
Exhibit H  I submitted forms showing I
went to my surgeon for OJI for recheck
of arm on that day.
Exhibit I  inquired about hours and was
suspended for timefraud but reinstated
two days later for no foundings of charge.
(Part III) Harassment
Exhibit B  I made earlier comments about
concerts of harrasement en front of union
members to my supervisor so yes I did
complain and told my union steward also
and put it en writing to local 455.

3) <u>Exhibit J</u> - company was unable to <u>Substantiate</u> claims to time fraud reinstated back to work.

<u>Exhibit L</u> - I submitted documents that showed my time card and wages were incorrect. Letters from Frontier saying they made errors on my check that they had to correct several times in a 2 month period. which caused me severe hardships.

<u>Exhibit M</u> of of I submitted my time cards that showed my earnings for a pay period in August was just 89.00. which was the incorrect amount.

<u>Exhibit K</u>   on 7-17-12 I was not working I was pulled out of Service on suspension I did not return until August 2, 2012. These missed punches is because I was told to come in at 8:30 and I signed a manual time card which Jerry Orleans told me a week later to Start punching in.

Part V (retaliation)

Union members can verify when I told manager. every time I use my FMLA I come back to work and I am suspende

4)

# Part VI - charge of discrimination

<u>Exhibit N</u> - every time FMLA was used I was suspended and reinstated.

<u>Exhibit O</u> - I stated I was confused in meeting with union and managers, because everything regarding points each time FMLA time documents Frontier gave me that was incorrect regarding my time in and out was so messed up. After my investigation I was founded <u>not</u> to have committed time card fraud <u>based</u> on what I was ask to do to my signing in and out.

Thank you.

Krista Edwards Radford

3601 S. Kirk St.
Aurora, Co. 80013

720-434-5551

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | AMENDED<br>541-2013-00631 |

RECEIVED

Colorado Civil Rights Division **State or local Agency, if any** and EEOC

MAR 25 2013

EEOC - DENVER
FIELD OFFICE

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Krista L. Radford | (720) 434-5551 | 06-22-1965 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3601 S Kirk Street, Aurora, CO 80013 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FRONTIER AIRLINES | 500 or More | (800) 432-1359 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7001 Tower Road,  Denver, CO 80249 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 10-19-2012 | 02-01-2013 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

AMENDED

I. I filed a charge of discrimination with the EEOC on October 9, 2012 (charge number 541-2013-00059) while in my position as an aircraft appearance worker. I have been harassed and retaliated against from 10/19/12 to the present.

II. I believe I have been retaliated against because I am disabled within the meaning of the Americans with Disabilities Act of 1990, as amended, The ADA Amendments Act of 2008 (ADAAA), and, in retaliation for participating in a protected activity, insomuch as:

a. I am performing my job duties satisfactorily and do not have any performance or disciplinary problems which are not bogus or retaliatory.
b. I have been written up four times since I filed my charge and harassed via the write-ups. The company is doing this on purpose. The company makes up bogus reasons to harass me and does not have any proof the write-ups are legitimate. The company has also purposefully recorded my attendance reviews incorrectly. The company stated that I have had absences for more times than I have actually been absent.
C.  I was accused of (1) falsifying a sick claim, (2) using a stolen credit card to purchase a round trip ticket and (3) attendance issues and subsequently discharged on February 1, 2013.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3-21-13                    *(signature)*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| Flight | Date Depart/Tim | Date Arriv/Time | Flight Return | Date + Time Depart | Date + Time Arriv |
|---|---|---|---|---|---|
| Den-ATL | 11/1 10:26A | 11/1 3:15P | ATL-DEN | 11/5 6:15A | 11/5 7: |
| Den MOW | 11/2 8:20A | 11/2 11:37A | MOW-DEN | 11/2 3:45P | 11/2 5: |
| Den MOW | 11/2 11:45A | 11/2 3:01P | MOW-DEN | 11/2 6:55P | 11/2 8: |
| MOW-DEN | 11/3 6:00A | 11/3 7:32A | | | |
| MOW-DEN | 11/4 6:00A | 11/4 7:32A | | | |
| Den-MOW | 12/7 8:20A | 12/7 11:37A | MOW | 12/10 6:00A | 12/10 7:3 |
| MOW-DE | 12/9 12:3P | 12/9 2:02P | | | |
| MOW-DEN | 12/9 3:45P | 12/9 3:45P | | | |

I Kelly Roberts made a mistake my Chase Debit Card was not stolen. My son Jarvare Roberts gave my Debit Card number Krista Edmonds Radford employee number #420611 Kris to make a purchase on employee website. $44.60 twice.



Thank You

Kelly Roberts

You can contact me at : (312) 448- 1138

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

September 14, 2012

Krista Radford
3601 S Kirk St
Aurora, Colorado 80013

Dear Ms. Krista Radford,

Thank you for contacting us on 09/13/2012 06:33 PM. Based on the information you provided, it appears your situation may be covered by the laws we enforce. To begin the charge-filing process, please read and complete the entire questionnaire immediately. You may return the questionnaire by mail to the EEOC office listed below or you may return the questionnaire in person. If you wish to return the completed questionnaire in person, we strongly encourage you to call the office at the number indicated below before visiting. The charge filing process can take up to two hours to complete and the intake office hours and procedures may differ from office to office.

Denver Field Office
303 E. 17th Ave., Suite 410
Denver, Colorado  80203
1-303-866-1317

Please remember to:
- Answer all questions as completely as possible.
- Include the location where you work(ed) or applied.
- Complete both sides of each page.
- Attach additional pages to complete your responses, if necessary.
- Contact the field office if you have questions about completing this
  form or if you wish to inquire about visiting the office to complete the charge filing process.

Information about the laws we enforce and our charge-filing procedures is available on our web site at www.eeoc.gov.

A charge of job discrimination must be filed with the EEOC within 180 days from the date of harm in order to protect your rights. This 180 day filing deadline may be extended to 300 days if the charge is also covered by a state or local job discrimination law. Therefore, it is important that you submit the completed questionnaire promptly.

Submission of this questionnaire may not meet all requirements for filing a charge. However, this questionnaire will allow the EEOC to review your circumstances further and determine whether we can assist you.

Please call 1-800-669-4000 and provide the transaction number 120913-001017, if you have not heard from the field office after 30 days from the date you mailed the completed questionnaire.

Sincerely,
U.S. Equal Employment Opportunity Commission

* PLEASE do NOT return the questionnaire to the address on the envelope; return it to the address above *

Colorado Department of Labor and Employment, Unemployment Insurance Program
P.O. Box 8988, Denver, CO 80201-8988

| Claimant Social Security Number 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 | Date Mailed 03/29/2013 |
|---|---|
| Employer Account Number 718792008 | Last Day of Claim 03/01/2014 |
| Employer Charging Information | Deputy ID 7244 |
| | Issue ID 01 |

KRISTA L EDMONDS-RADFORD
c/o KRISTA EDMONDS RADFORD
3601 S KIRK ST
AURORA CO  80013

FRONTIER AIRLINES INC DIP
FRONTIER CENTER ONE, PAYROLL DEP
7001 TOWER ROAD
DENVER  CO  80249

## NOTICE OF DECISION

Section of Law Used:  COLORADO EMPLOYMENT SECURITY ACT
                      8-73-108 (4)

Decision:

BASED ON INFORMATION RECEIVED, OUR INVESTIGATION DETERMINED THAT YOU WERE
SEPARATED FOR REASONS THAT DO NOT RESULT IN A DISQUALIFICATION UNDER
8-73-108 (5)(E) OF THE COLORADO EMPLOYMENT SECURITY ACT. IT IS DETERMINED YOU
ARE ENTITLED TO BENEFITS ATTRIBUTABLE TO THIS EMPLOYMENT PROVIDED THAT YOU
CONTINUE TO MEET ALL WEEKLY ELIGIBILITY REQUIREMENTS.

Any party to this decision may disagree with (appeal) it.  To appeal, turn over this form and fill out the information on the other side.  This decision is final unless we receive a written appeal no later than 20 calendar days from 03/29/2013.

Claimant:  Continue to request payment on CUBLine Online or CUBLine while you are waiting to hear about your appeal.

UIB-6 (R 11/2011)          **MORE APPEAL INFORMATION IS ON THE OTHER SIDE OF THIS FORM**