IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03512-BNB

KRISTA RADFORD,

    Plaintiff,

v.

FRONTIER AIRLINES,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Krista Radford, resides in Aurora, Colorado.  She filed *pro se* a Complaint on December 30, 2013 (ECF No.1).  Ms. Radford has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On February 10, 2014, Magistrate Judge Boland reviewed the Complaint and found that it failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  In the Complaint, Ms. Radford makes a single conclusory assertion that Frontier Airlines discriminated against her in violation of the Family Medical Leave Act (FMLA), at 29 U.S.C. §§ 2615(a).  Plaintiff does not provide <u>any</u> factual allegations to support her claim.  Accordingly, the Court directed Ms. Radford to file an amended complaint within thirty (30) days of the February 10 Order that comports with Fed. R. Civ. P. 8.  (ECF No. 6).

On March 12, 2014, the Court granted Plaintiff an extension of time to April 14, 2014 to file an amended pleading.  (ECF No. 8).

Ms. Radford did not file an amended complaint by the court-ordered deadline.

That failure notwithstanding, because it is not clear when the alleged FMLA violation(s) occurred, Magistrate Judge Boland entered an Order on April 22, 2014, granting Plaintiff additional time to file an amended complaint in compliance with Fed. R. Civ. P. 8. (ECF No. 9). Plaintiff was instructed that she may attach a copy of her EEOC[1] charge of discrimination to satisfy the notice requirement. (*Id.*). Magistrate Judge Boland also advised Ms. Radford in the April 22 Order that a two-year statute of limitations applies to FMLA claims, *see* 29 U.S.C. § 2617(c)(1), unless the Plaintiff can show a wilful violation, which extends the limitation period to three years. 29 U.S.C. § 2617(c)(2). (*Id.*). Finally, Magistrate Judge Boland warned Plaintiff that failure to comply with the April 22 Order may result in dismissal without further notice.

Plaintiff has now failed to file an amended complaint by the court-ordered deadline. In addition, the original Complaint fails to comply with Fed.R.Civ.P. 8(a), as discussed in the February 10, 2014 Order Directing Plaintiff to File an Amended Complaint. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Accordingly, it is

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Krista Radford, to comply with the April 22, 2014 <u>Second</u> Order Directing Plaintiff to File an Amended Complaint and for failure to file a pleading that complies with Fed.R.Civ.P. 8. It is

---

[1]Equal Opportunity Employment Commission.

2

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms.Radford files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  30th  day of    May         , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court